**39 C.C.P.A. (Patents)**

**MISSION DRY CORP. v. SEVEN–UP CO.**

Patent Appeals No. 5826.

United States Court of Customs and Patent Appeals.

Dec. 18, 1951.

Albert J. Fihe, Burbank, Cal. (Munson H. Lane, Washington, D. C., of counsel), for appellant.

John H. Cassidy, St. Louis, Mo., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

On May 2, 1938, appellant filed its application, serial No. 405,933 to register the trade-mark "Charge Up" as applied to non-alcoholic, maltless beverages used as soft drinks, together with syrups and extracts for preparing the same. The mark, bearing No. 360,613, was registered September 20, 1938.

Appellee petitioned the Commissioner of Patents to cancel the registration of appellant's mark on November 7, 1947 under the provisions of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq. Appellee, in its petition, alleged that it adopted and began the use of the trade-mark "Seven Up" or "7 Up" for non-alcoholic beverages and for extracts and flavors therefor on or about August 7, 1928; that it is the owner of six registered trade-marks each of which includes the mark "Seven Up" or "7 Up" the first of which was issued February 5, 1929 and the last December 11, 1945; that the goods of the respective parties possess identical characteristics and

---

5. Frost v. Martin, Tex.Civ.App., 203 S. W. 72.

6. Britton v. Cotton States Petroleum Co., Tex.Civ.App., 283 S.W. 887.

that appellant's mark so nearly resembles the marks of appellee as to be likely to cause confusion in trade; and that appellant, upon the request of appellee, abandoned the use of the mark on or about November 14, 1939.

Appellant, in its answer to the petition, admits the ownership of the registered marks to be in appellee; denies that the involved marks are in any way similar or that confusion and mistake would result due to their concurrent use; and denies that the mark of appellant had ever become abandoned. Appellant also alleged that if appellee ever had any rights in the premises it has been guilty of gross laches in bringing this proceeding so as to bar the attempt to cancel appellant's mark.

Testimony and briefs were filed by the parties who were represented at the hearing before the Examiner of Interferences.

It is clear from the evidence that the beverages and extracts of the parties are identical in a trade-mark sense. It also appears that on July 13, 1937 appellant used as a trade-mark the expression "Charge-Er" or "Charger" for which it obtained registration No. 353,414.

Appellee first learned of appellant's use of the mark "Charge Up" sometime prior to November 14, 1939, during a convention of the American Bottlers of Carbonated Beverages held in San Francisco, California. At that time appellee gave notice to the then president of appellant that the use of the mark "Charge Up" was an infringement of appellee's mark. Shortly thereafter, the president of appellant corporation under date of November 14, 1939, sent a letter to appellee in which the following appeared: "However, since you expressed yourself as being somewhat displeased with our contemplated use of the word 'Charge-Up' we have so changed our trade-mark for this particular product that the word 'Up' has been entirely eliminated. Because of this decision on our part we have not forwarded any Charge-Up bottles to St. Louis as previously promised."

That letter was acknowledged by appellee on November 17, 1939 in which it was stated: "We have your letter of November 14th and are glad you are making the change eliminating the word 'Up' from your drink 'Charge Up'."

It appears that no further use was made of the mark "Charge Up" by appellant until the early part of 1946 when it once more began the use of the mark. That date was about five years subsequent to the death of the president of appellant who had received notice from appellee that the use of the mark "Charge Up" was an infringement of appellee's marks.

The Examiner of Interferences, in his decision, held that the circumstances of the case indicated to him that the recognition by appellant in 1939 of the trade-mark rights of appellee and the following non-use by appellant of its mark until 1946 in deference to such rights, relieved appellee during that time of any obligation to take further action against appellant and, accordingly, appellant was estopped from invoking the doctrine of laches as a bar against whatever rights appellee had in the premises. In support of that holding the examiner cited Rothman et al. v. Greyhound Corp. et al., 4 Cir., 175 F.2d 893; Vita-Var Corporation v. White Company, 76 U.S.P.Q. 267; Saperstein v. Grund, D. C., 85 F.Supp. 647.

The examiner then considered the grounds for cancellation with respect to the confusion in trade clause. Since there was no question but that appellee was the prior user and because the parties are clearly competitive there only remained for consideration, in the opinion of the examiner, the question of whether the involved marks are confusingly similar. He held that while identical portions of the marks are unlike in some respects, considered in their entireties, the resemblances between them predominate over their differences and therefore their concurrent use by the parties would be reasonably likely to cause confusion in trade. The examiner further held that the record was not sufficient to support the contention of appellee that appellant abandoned its mark and sustained the petition for cancellation on the ground that the marks were confusingly similar.

On appeal, the Commissioner of Patents, through Assistant Commissioner Joe E. Daniels, affirmed the decision of the Ex-

aminer of Interferences, 86 U.S.P.Q. 263. The Assistant Commissioner held that the non-use by appellant of the mark "Charge Up" was not merely temporary, but was an intentional and complete discontinuance of its use and, as shown by the letter of November 14, 1939, there was a definite intent on the part of appellant to eliminate the mark.

The Assistant Commissioner then properly stated that when the use of a mark is discontinued with intent to abandon, it constitutes an immediate abandonment and the continuance of non-use in this case from 1939 until 1946 indicated an intention to abandon even though such abandonment had not been specifically expressed. That holding of the Assistant Commissioner is in accord with Section 45 of the Trade-Mark Act of 1946, which was cited in the Commissioner's decision, reading as follows:

Sec. 45. Construction and definitions

"In the construction of this Act, unless the contrary is plainly apparent from the context—

＊　　＊　　＊　　＊　　＊　　＊

"*Abandonment of mark.* A mark shall be deemed to be 'abandoned'—

"(a) When its use has been discontinued with intent not to resume. Intent not to resume may be inferred from circumstances. Non-use for two consecutive years shall be prima facie abandonment.

"(b) When any course of conduct of the registrant, including acts of omission as well as commission, causes the mark to lose its significance as an indication of origin. ＊　＊　＊"

The Assistant Commissioner further noted that Section 14 of the Act provides for the cancellation of a registration of any mark which has been so abandoned and therefore the registration of appellant should be cancelled whether or not there was confusing similarity between the marks of the parties.

It was the opinion of the Assistant Commissioner that because of his holding with respect to abandonment it was not necessary to consider the question of confusing similarity. He stated that appellant by its conduct conceded the similarity of the marks and therefore any doubt would be resolved against it. It was his further opinion that the announcement of the resumption of the "Charge Up" mark of appellant was made by reason of the popularity of another soft drink on the market which, on the record here, must have referred to the product of appellee.

With respect to the allegation of counsel for appellant that the petition for cancellation should be dismissed for the reason that appellee did not bring the proceeding before an earlier date, the Assistant Commissioner observed that even though an earlier action to cancel might have been appropriate, in view of the abandonment of appellant, as above referred to, the failure of appellee to bring such action because of the seemingly specific abandonment of the mark, could not adversely affect the right of appellee to the cancellation sought and no equitable principle of laches, acquiescence, or estoppel could be pursued against appellee by reason of appellant's conduct.

It is very clear to us that the reasoning of the Assistant Commissioner is without flaw. We cannot understand how proof of abandonment could have been more strongly admitted by appellant unless the word "abandon" had been used specifically.

In view of our conclusion we do not think it necessary to determine whether the marks of the parties are confusingly similar.

It is contended in the brief of counsel for appellant that the discontinuance of the mark "Charge Up" was temporary and was on the orders of a single individual without the consent of the Board of Directors of the corporation and by reason of the personal promise given to the president of appellee. Counsel therefore urge that such action of the president of a corporation cannot be considered the act of the corporation and appellant company should not be bound thereby. We cannot agree with that contention. The facts are that the mark "Charge Up" was used on appellant's product for the period of only a few months. It was then discontinued and not used again until approximately five years subsequent to the death of appellant's president. It seems clear to us that the long use of the mark "Charge-Er" or "Charger"

which was substituted for the mark "Charge Up" surely must have been known to the officers of the corporation and there is nothing in this record to indicate that the president of appellant was not acting within the scope of his authority when he agreed that the mark "Charge Up" was confusingly similar to the marks of appellee.

In our opinion, the record shows that appellant definitely abandoned the use of the mark "Charge Up" and therefore the case of Korona Spice Corp. v. Kuczor, 77 U.S. P.Q. 172, is not in point. Nor can we hold that the record here indicates a mere non-use of a trade-mark for a limited period and, therefore, the case of H. H. Meyer Packing Co. v. E. Kahn's Sons Co., 1 U.S. P.Q. 229, cited by counsel for appellant is not applicable. Neither is the case of Rosemaid v. Rose Bros. Co. (Sam Rosenberg & Co.), 2 U.S.P.Q. 125, of avail in support of the contention of counsel for appellant.

In view of what has hereinbefore been set out, the decision of the Commissioner is affirmed.

Affirmed.